IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARK JACKSON, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 10-938 (GMS) |
| v. | : | |
| | : | |
| THE DOW CHEMICAL COMPANY, et al., | : | |
| | : | |
| Defendants. | : | |

## CERTAIN DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS

MORRIS NICHOLS ARSHT & TUNNELL LLP
Kenneth J. Nachbar (#2067)
1201 North Market Street
Wilmington, Delaware  19801
Tel: (302) 658-9200
knachbar@mnat.com
   *Attorneys for Defendants The Dow Chemical*
   *Company, Rohm and Haas Company, Raj L.*
   *Gupta, Pierre R. Brondeau, Ellen Friedell,*
   *Esquire, Royce Warrick, Esquire, Jane Greenetz,*
   *Cynthia Mazer, Robert A. Lonergan, Esquire,*
   *and Deanna May*

*Of Counsel*

John G. Harkins, Jr.
jharkins@harkinscunningham.com
Colleen Healy Simpson
csimpson@harkinscunningham.com
HARKINS CUNNINGHAM LLP
2800 One Commerce Square
2005 Market Street
Philadelphia PA  19103-7052
Tel: (215) 851-6700

January 28, 2011

# TABLE OF CONTENTS

I.  INTRODUCTION ...........................................................................................1

II. STATEMENT OF CASE ................................................................................2

    A.  First State Court Action ...................................................................2

    B.  First Federal Action ("*Jackson I*")...................................................3

    C.  Second Federal Action ("*Jackson II*") ............................................5

    D.  Third Federal Action ("*Jackson III*")..............................................6

III. APPLICABLE STANDARDS .......................................................................8

IV. ALL OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED...................9

    A.  Plaintiff's Claims Are Barred ..........................................................9

    B.  Plaintiff's Allegations Concerning the Matter of *Williams v. R&H Pension Plan* Do Not Support His Claims ...........................17

V.  CONCLUSION............................................................................................20

i

# TABLE OF AUTHORITIES

## CASES

*Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143 (1987) ................................17

*Alpha Fin. Mortgage, Inc. v. Baugh*, No. 09-814, 2009 WL 3681858
   (W.D. Pa. Nov. 3, 2009) .................................................................................................11

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ...................................................................................9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .........................................................8, 9, 16

*Burke v. Timothy's Restaurant*, No. Civ. A. 03-1070 JJF, 2005 WL 1801684,
   (D. Del. July 29, 2005) ...................................................................................................15

*Chongris v. Bd. of Appeals of Andover*, 811 F.2d 36 (1st Cir. 1987) ...........................................18

*Collins v. E.I. DuPont de Nemours & Co.*, 34 F.3d 172 (3d Cir. 1994) .......................................15

*Costello v. United States*, 365 U.S. 265 (1961) ..........................................................................12

*Dieffenbach v. Cigna, Inc.*, 310 Fed. App'x 504 (3d Cir. 2009) .................................................11

*Equal Employment Opportunity Comm'n v. U.S. Steel Corp.*, 921 F.2d 489
   (3d Cir. 1990) ...................................................................................................................9

*H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229 (1989) ...................................................................20

*Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258 (1992) ........................................................19

*Jackson v. Rohm and Haas Co.*, 56 Pa. D. & C.4th 449 (Pa. Com. Pl. 2002) ...........................2, 3

*Jackson v. Rohm & Haas Co.*, No. 03-5299, 2005 WL 1592910
   (E.D. Pa. June 30, 2005) ...............................................................................................2, 3

*Jackson v. Rohm & Haas Co.*, No. 05-4988, 2006 WL 680933
   (E.D. Pa. Mar. 9, 2006) ..................................................................................1, 2, 3, 4, 5, 6

*Jackson v. Rohm & Haas Co.*, No. 05-4988, 2006 WL 1892661
   (E.D. Pa. July 7, 2006) .....................................................................................................6

*Jackson v. Rohm & Haas Co.*, No. 06-3682, 2007 WL 2668001
   (E.D. Pa. Sept. 5, 2007) ...............................................................................1, 2, 13, 19, 20

*Jackson v. Rohm & Haas Co.*, No. 2321, Slip Opinion (Pa. Com. Pl. Jan. 7, 2009)..................1, 4

*Jackson v. Rohm & Haas Co.*, No. 05-4988, 2009 WL 773936
   (E.D. Pa. Mar. 19, 2009).........................................................................1, 8, 9, 10, 11, 15

*Jackson v. Rohm & Haas Co.*, 3363 EDA 2008, Slip Opinion (Pa. Super. Mar. 19, 2010)....1, 4, 5

*Jackson v. Rohm & Haas Co.*, 366 Fed. App'x 342 (3d Cir. 2010) ..................................................8

*Jackson v. Rohm and Haas Co.*, 131 S. Ct. 206 (U.S. Oct. 4, 2010)................................................8

*Kile v. Placer County Bd. of Sup'rs*, 217 F.3d 845 (9th Cir. 2000)................................................12

*Klehr v. A.O. Smith Corp.*, 521 U.S. 179 (1997) .........................................................................17

*Lewis v. Smith*, 361 Fed. App'x 421 (3d Cir. 2010) ......................................................................14

*Maio v. Aetna, Inc.*, 221 F.3d 472 (3d Cir. 2000).........................................................................19

*Mathews v. Kidder, Peabody & Co., Inc.*, 260 F.3d 239 (3d Cir. 2001) .......................................17

*McCracken v. Raghbir*, No. 02-1482J3F, 2004 WL 2326378 (D. Del. Oct. 7, 2004).....................2

*McTernan v. City of York, Pa.*, 577 F.3d 521 (3d Cir. 2009) .........................................................9

*Odesser v. Cont'l Bank*, 676 F. Supp. 1305 (E.D. Pa. 1987)........................................................16

*In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152 (3d Cir. 1997)......................11

*Pastewka v. Texaco, Inc.*, 420 F. Supp. 641 (D. Del. 1976) ..........................................................2

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)......................................................16

*Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256 (3d Cir. 1998) ...........................................18, 19

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984)............................................11

*Reves v. Ernst & Young*, 507 U.S. 170 (1993).............................................................................16

*Salley v. Rendell*, Civ. A. No. 08-132, 2008 WL 1752246 (W.D. Pa. Apr. 14, 2008) .................12

*Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405 (3d Cir. 1997) .................19

*Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001) ..........................................11, 12

*Seville Indus. Mach. v. Southmost Mach.*, 742 F.2d 786 (3d Cir. 1984) ......................................16

*Slater v. Jokelson*, No. 96-CV-672, 1997 WL 164236 (E.D. Pa. Mar. 26, 1997) .........................18

*Steele v. Hosp. Corp. of Am.*, 36 F.3d 69 (9th Cir. 1994) ................................................................19

*Taylor v. Sturgell*, 553 U.S. 880 (2008) ...........................................................................................11

*United States v. Athlone Indus., Inc.*, 746 F.2d 977 (3d Cir. 1984) ......................................9, 14-15

*Univ. of Maryland at Baltimore v. Peat, Marwick, Main & Co.*,
    996 F.2d 1534 (3d Cir. 1993) ....................................................................................................16

*Vacanti v. Apothaker & Assoc., P.C.*, Civ. A. No. 09-5827, 2010 WL 4702382
    (E.D. Pa. Nov. 12, 2010) ...........................................................................................................13

*Waris v. Mackey*, No. 09-1103(RBK), 2009 WL 4884204 (E.D. Pa. Dec. 15, 2009) ...................16

*Willy v. Coastal Corp.*, 503 U.S. 131 (1992) ...................................................................................11

## RULES, STATUTES AND OTHER AUTHORITIES

18 U.S.C. § 1503 ..................................................................................................................................7

18 U.S.C. § 1512(b)(1) .........................................................................................................................7

18 U.S.C. § 1512(b)(2) .........................................................................................................................7

18 U.S.C. § 1512(b)(3) .....................................................................................................................7, 17

18 U.S.C. § 1512(c) ..............................................................................................................................7

18 U.S.C. § 1512(d) ..............................................................................................................................7

18 U.S.C. § 1512(k) ..............................................................................................................................7

18 U.S.C. § 1513(e) ..............................................................................................................................7

18 U.S.C. § 1513(f) ...............................................................................................................................7

18 U.S.C. § 1961 *et seq.* ......................................................................................................................3

18 U.S.C. § 1962 ................................................................................................................................19

18 U.S.C. § 1962(c) ...........................................................................................................................17

18 U.S.C. § 1962(d) ..................................................................................7, 16

18 U.S.C. § 1964(c) .....................................................................................19

42 U.S.C. § 1981 ...........................................................................................7

42 U.S.C. § 1985 ...........................................................................................7

42 U.S.C. § 1986 ...........................................................................................7

Fed. R. Civ. P. 12(b)(6) .................................................................................8

Fed. R. Civ. P. 41(b) ...............................................................................11, 12

10 Del. Code § 8119 .....................................................................................17

10 Del. Code § 8121 .....................................................................................17

42 Pa. Con. Stat. Ann. § 5524(7) .................................................................17

Americans With Disabilities Act ........................................................7, 8, 13

ERISA ............................................................................................................7

Pennsylvania Human Relations Act................................................................8

## I.   INTRODUCTION[1]

The current complaint represents plaintiff's eleventh complaint against some of the same individuals and entities.  Plaintiff has been litigating claims against Rohm and Haas Company and some of its employees for over a decade.  In 1999, plaintiff instituted suit in Pennsylvania state court and later brought three more actions in the Eastern District of Pennsylvania.

In the federal lawsuits, plaintiff named scores of individuals, including, at various times, Rohm and Haas's inside and outside counsel, its highest ranking officials, some of its employees, and its disability benefits administrator and its employees.  Despite the fact that all of plaintiff's federal lawsuits have been dismissed, plaintiff now reasserts claims in this forum that have been rejected in Pennsylvania.  As shown below, plaintiff has virtually re-filed the same complaint that was dismissed by Judge Pollak in the Eastern District of Pennsylvania.[2]  Judge Pollak's

---

[1]   This motion is filed on behalf of The Dow Chemical Company, Rohm and Haas Company, Raj L. Gupta, Pierre R. Brondeau, Ellen Friedell, Esquire, Royce Warrick, Esquire, Jane Greenetz, Cynthia Mazer, Robert A. Lonergan, Esquire, and Deanna May.

[2]   Attached to Defendants' Motion is the Declaration of Colleen Healy Simpson ("Simpson Decl.") as Exhibit A ("Ex. A").  Attached to the Simpson Declaration are documents filed with or by this and other courts, including the consolidated amended complaint ("CAC") filed by the plaintiff in the Eastern District of Pennsylvania as Exhibit 1 ("Ex. 1"); the Rule 11 opinion of the Eastern District of Pennsylvania, *Jackson v. Rohm & Haas Co.*, No. 05-4988 ("*Jackson II*"), 2006 WL 680933 (E.D. Pa. Mar. 9, 2006) ("Rule 11 Op.") as Exhibit 2 ("Ex. 2"); the dismissal of *Jackson II and III*, *Jackson II*, 2009 WL 773936 (E.D. Pa. Mar. 19, 2009) ("Mar. 19, 2009 Op.") as Exhibit 3 ("Ex. 3"); the dismissal memorandum in *Jackson III*, *Jackson v. Rohm & Haas Co.*, No. 06-3682 ("*Jackson III*"), 2007 WL 2668001 (E.D. Pa. Sept. 5, 2007) ("Sept. 5, 2007 Mem.") as Exhibit 4 ("Ex. 4"); Jackson's Amended Notice of Voluntary Dismissal ("Voluntary Dismissal") filed on March 23, 2009 in *Jackson II*, as Exhibit 5 ("Ex. 5"); the December 20, 2010 Motion for Leave to File a Surreply to Certain Dow/R&H Defendants' Motion to Transfer filed in the District Court of Delaware ("12/20/10 Mot. for Leave") as Exhibit 6 ("Ex. 6") (D.I. 38); the January 7, 2009 Memorandum Opinion by Judge Manfredi of the Court of Common Pleas of Philadelphia ("1/7/09 Slip Op.") as Exhibit 7 ("Ex. 7"); and the March 19, 2010 Memorandum from the Superior Court of Pennsylvania ("Mar. 19 Super. Ct. Mem.") as Exhibit 8 ("Ex. 8").

dismissal was a judgment on the merits with full *res judicata* effect and plaintiff may not reassert these claims against the defendants, all of whom have been previously named in plaintiff's dismissed lawsuit or are in privity with those in the prior lawsuit.

## II.   STATEMENT OF CASE[3]

### A.   First State Court Action

Plaintiff's lawsuits began with a state court action in which plaintiff sued Rohm and Haas and certain of its employees in Pennsylvania state court for claims of alleged invasion of privacy, intentional infliction of emotional distress, and civil conspiracy. Compl. ¶ 45. This lawsuit was brought in connection with the company's investigation of an alleged non-consensual sexual incident involving a co-worker. *Id.*; *see Jackson v. Rohm and Haas Co.*, 56 Pa. D. & C.4th 449, 450-51 (Pa. Com. Pl. 2002) ("State Court Op.").

The Pennsylvania state court case went to trial, where the jury reached a verdict for plaintiff on his invasion of privacy claim. Compl. ¶ 48. However, following the verdict, the trial court held that the claim for invasion of privacy was barred by the Workers' Compensation Act since the investigation which gave rise to the injury "was part of the proper employer/employee

---

In determining at the motion-to-dismiss stage whether *res judicata* or collateral estoppel bars a claim, courts in the District of Delaware may consider relevant orders and opinions from other jurisdictions, including the Eastern District of Pennsylvania. *McCracken v. Raghbir*, No. 02-1482J3F, 2004 WL 2326378, at *3-4 (D. Del. Oct. 7, 2004) (granting motion to dismiss on *res judicata* grounds upon consideration of order granting motion to dismiss by Eastern District of Pennsylvania); *see Pastewka v. Texaco, Inc.*, 420 F. Supp. 641, 644-46 (D. Del. 1976) (granting motion to dismiss on *res judicata* and collateral estoppel grounds upon consideration of opinion and order granting motion to dismiss by Southern District of New York).

[3]   The lengthy history of plaintiff's lawsuits against Rohm and Haas Company and others has been described in a number of opinions by Judge Pollak of the United State District Court for the Eastern District of Pennsylvania, as well as in Defendants' briefing on its motion to transfer. *See Jackson v. Rohm & Haas Co.*, No. 03-5299 ("*Jackson I*"), 2005 WL 1592910 (E.D. Pa. June 30, 2005) ("Dismissal Mem."); *Jackson II*, Rule 11 Op., (Ex. 2); *Jackson III*, Sept. 5, 2007 Mem. (Ex. 4); *see also* Defs.' Mem. in Supp. of Mot. to Transfer (D.I. 8).

relationship." State Court Op. at 458. This decision was affirmed by the Pennsylvania Superior Court, and review by the Pennsylvania Supreme Court was denied. Compl. ¶ 49.

One of the issues that arose during the case was "a dispute . . . as to the authenticity of a document containing some notes taken by a Rohm & Haas employee during investigation of [an] assault allegation. Jackson accused Rohm & Haas and its lawyers of falsifying evidence." *Jackson II*, Rule 11 Op. at *1 (Ex. 2).[4] Multiple times, before, during and after trial, plaintiff raised the issue of falsifying evidence, which the state courts found to be meritless. State Court Op. at 464-65 (discussing the Warrick notes).

**B.      First Federal Action ("*Jackson I*")**

In September 2003, plaintiff filed his first federal action in the Eastern District of Pennsylvania. Compl. ¶ 50. The complaint contained claims against Rohm and Haas and certain of its employees, along with their attorneys from the state court action (collectively, "*Jackson I* defendants"). *Id.* Specifically, plaintiff alleged violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO") and several pendant state law claims. *See Jackson I*, Dismissal Mem. at *3 & n.6. The crux of the case was based upon allegations that plaintiff's loss in state court had been procured by fraud, and that the defendants had altered or falsified evidence before the state court. *Id.* at *3; Compl. ¶ 51. The fraud claims centered on the alleged falsification of the Warrick notes. Compl. ¶ 52; *see infra* note 4. This first federal action was assigned to the Honorable Louis H. Pollak. The Court granted defendants' motion to dismiss on the ground that plaintiff lacked RICO standing because "his

---

[4]   The Warrick notes were notes taken by a Rohm and Haas attorney, Royce Warrick, when she interviewed a Rohm and Haas employee about the 1998 incident. Plaintiff has alleged multiple times that these notes were altered or fabricated, and that Ms. Warrick committed perjury when she signed an affidavit stating that a copy of the notes that was produced during discovery was the same as the original notes and testified that the notes were hers.

injury (loss of the state-court case) was not proximately caused by defendants' alleged fraud – that is, since the state-court ruling was based on statutory preemption rather than a finding on the merits of Jackson's privacy and infliction-of-emotional-distress claims, Jackson would have lost whether or not defendants had falsified evidence that went to the merits of the tort claims." *Jackson II*, Rule 11 Op. at *1 (Ex. 2); Compl. ¶ 59. The Court chose not to exercise supplemental jurisdiction over plaintiff's state law claims. Compl. ¶ 59. The Third Circuit affirmed the decision. *Id.* at ¶ 60.

In April 2007, plaintiff transferred the remainder of *Jackson I* to the Philadelphia Court of Common Pleas to pursue the state law claims, all based upon the same theories with respect to an alleged fraud on the court. *Id.* at ¶ 61. Defendants moved for judgment on the pleadings, asserting that plaintiff was estopped from pursuing his claims. *Id.* at ¶ 65. The state court granted this motion on June 2, 2008 as to all defendants and all claims, except for one,[5] on the basis that plaintiff's claims had been previously argued and decided in his initial state court action and by the federal court. *Id.* Judge Manfredi held that "[t]he question of the alleged tampering/fabrication of the Warrick notes and the perjury in presenting these notes was fully litigated before Judge Collins and on appeal," and therefore barred by collateral estoppel. *Jackson I*, 1/7/09 Slip Op. at *11 (Ex. 7). The Pennsylvania Superior Court affirmed dismissal on March 19, 2010, finding that a review of the complaint and answer "reveals no factual allegations which are capable of proof so as to take [plaintiff] outside the defendants' affirmative defense of collateral estoppel, because the allegations made here are the very allegations thoroughly addressed and discredited by Judge Collins. . . ." *Jackson I*, Mar. 19 Super. Ct. Mem.

---

[5]  The only claim not dismissed was plaintiff's claim against one defendant for alleged wrongful use of proceedings based upon her counterclaim in the original state court action. Plaintiff later voluntarily dismissed this claim.

at *14 (Ex. 8).  Plaintiff's petition for allowance of appeal with the Pennsylvania Supreme Court is still pending.  Compl. ¶ 66.

### C.     Second Federal Action ("*Jackson II*")

In September 2005, plaintiff brought a second federal action in the Eastern District of Pennsylvania.  *Id.* at ¶ 73.  This action re-named all of the defendants in *Jackson I*.  In addition, plaintiff named defendants' lawyers from *Jackson I* and Liberty Life, the administrator of Rohm and Haas's disability benefits plan.  *Id.* at ¶ 74.  Like its predecessor, this action asserted violations of RICO.  *Id.*  These claims were based upon Jackson's allegations that he had lost his first federal case because of defendants' continuing fraud and that his disability benefits were mishandled and improperly suspended.  Plaintiff also asserted various state law claims.  *Id.*  The matter was again assigned to Judge Pollak.

Following the filing of this complaint, the *Jackson II* defendants filed Rule 11 motions for sanctions and motions to dismiss the complaint.  The Court granted the sanctions motions, holding that plaintiff's complaint violated Rule 11.  *Jackson II,* Rule 11 Op. at *7 (Ex. 2).  Additionally, the Court ordered plaintiff's counsel to pay two-thirds of defendants' fees and expenses incurred in connection with their Rule 11 motions and motions to dismiss.  *Id.* at *7.  With respect to the allegations in plaintiff's complaint, the court held that numerous allegations and claims in the *Jackson II* complaint were "unwarranted and frivolous," "manifestly deficient," "plainly unfounded," and suffered from "fundamental defects."  *Id.* at *4-6; *see also id.* at *5 n.6 ("[T]he original complaint is dominated by claims which are without warrant and frivolous.").  In issuing sanctions, Judge Pollak stated that "this is not the first lawsuit between the parties - in fact, it is the third lawsuit by the same plaintiff against the same core defendants, and arising out

5

of the same alleged harms (but with the cadres of accused defendants and the categories of alleged harms enhanced at each iteration of the charges)." *Id.* at *7.

Following the sanctions opinion, plaintiff filed an amended complaint. The *Jackson II* defendants again moved to dismiss. With the latest motions to dismiss pending, plaintiff moved to file another amended complaint to include additional claims. The Court denied plaintiff's motion to amend because the proposed complaint "retain[ed] substantial elements from [plaintiff's] original complaint that [the Court] already determined . . . to be frivolous." *Jackson II*, 2006 WL 1892661, at *1 (E.D. Pa. July 7, 2006).

Plaintiff then filed a renewed motion for leave to amend with yet another iteration of his complaint. As that complaint purported to narrow plaintiff's claims, including the removal of plaintiff's frivolous obstruction of justice claims, and dropped most of the defendants, the *Jackson II* defendants (other than Liberty Life, which did not respond) did not oppose the motion to amend. The second amended complaint added three new defendants and focused on events primarily from 2002 to 2004. It alleged RICO violations and other claims, and included allegations that defendants improperly suspended his disability benefits, temporarily, when he failed to provide documentation of his continued disability.

The *Jackson II* defendants moved to dismiss the second amended complaint. On September 12, 2007, the Court granted in part defendants' motions to dismiss, but allowed plaintiff to pursue five of his ten claims. Compl. ¶ 80. The *Jackson II* defendants filed answers to the second amended complaint and this matter was eventually consolidated with *Jackson III* and dismissed. *Id.* at ¶ 81.

D.     **Third Federal Action ("*Jackson III*")**

In August 2006, plaintiff initiated a third federal action in the Eastern District of Pennsylvania. This action was also assigned to Judge Pollak. *Id.* at ¶ 97. Plaintiff named in this complaint defendants Rohm and Haas and its Chairman and Chief Executive Officer, its General Counsel, an Associate General Counsel, and a Human Relations consultant, and Liberty Life and one of its employees (collectively "*Jackson III* defendants"). *Id.* The new action included claims under RICO, ERISA, and 42 U.S.C. §§ 1981, 1985, 1986, and state law claims involving, among other things, the alleged wrongful termination of plaintiff's employment and disability benefits. *Id.*

Following motions to dismiss by the Rohm and Haas and Liberty Life defendants, the Court issued a memorandum and order on September 5, 2007 dismissing in part plaintiff's complaint. *Id.* at ¶ 98. The Court dismissed plaintiff's RICO claims for failure to allege a pattern of racketeering activity. The court also dismissed plaintiff's claims pursuant to 42 U.S.C. §§ 1981, 1985 and 1986, and some of his ERISA and state law claims. On May 21, 2008, following further amendments to the complaint and motion practice, the Court ordered the consolidation of *Jackson II* and *Jackson III*, and gave plaintiff one last opportunity to file a proper complaint that was concise and contained only those claims for which he had a good faith basis.

Plaintiff then filed the consolidated amended complaint which included 366 paragraphs, many footnotes, and twenty-five claims.[6] *See* CAC (Ex. 1). Defendants moved to dismiss all of

---

[6]   These claims included RICO obstruction of justice under 18 U.S.C. § 1503 (Count I), RICO obstruction of justice under 18 U.S.C. § 1512(b)(1) (Count II), RICO obstruction of justice under 18 U.S.C. § 1512(b)(2) (Count III), RICO obstruction of justice under 18 U.S.C. § 1512(b)(3) (Count IV), RICO obstruction of justice under 18 U.S.C. § 1512(c) (Count V), RICO obstruction

the claims. On December 16, 2008, the Magistrate Judge issued her report and recommendation

that the case be dismissed with prejudice as a sanction for plaintiff's failure to comply with the

Federal Rules and prior court orders. Compl. ¶ 223. A copy of the Magistrate Judge's Report

and Recommendation, dated December 16, 2008, is appended to the District Court's March 19,

2009 opinion. (Ex. 3). Despite plaintiff's objections, the Court adopted the Magistrate's

recommendation to dismiss most of the claims, but permitted plaintiff to proceed with four

claims, specifically the ADA claims and the PHRA claims. *Jackson II*, Mar. 19, 2009 Op. at *2

(Ex. 3). Plaintiff then voluntarily dismissed, with prejudice, the remaining four claims, and

appealed to the Third Circuit with respect to the claims that were dismissed by the Court.

Voluntary Dismissal (Ex. 5). The Third Circuit affirmed the district court's dismissal, and the

United States Supreme Court denied plaintiff's petition for a writ of certiorari. *Jackson II*, 366

Fed. App'x 342 (3d Cir. 2010); *Jackson II*, 131 S. Ct. 206 (U.S. Oct. 4, 2010).

## III.   APPLICABLE STANDARDS

Rule 12(b)(6) permits a party to move to dismiss for failure to state a claim upon which

relief may be granted. Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to

Rule 12(b)(6) where it fails to allege facts that "raise a right to relief above the speculative

level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to

---

of justice under 18 U.S.C. § 1512(d) (Count VI), RICO obstruction of justice under 18 U.S.C. § 1512(k) (Count VII), RICO obstruction of justice under 18 U.S.C. § 1513(e) (Count VIII), RICO obstruction of justice under 18 U.S.C. § 1513(f) (Count IX), RICO mail/wire fraud (Count X), RICO conspiracy under 18 U.S.C. § 1962(d) (Count XI), ERISA Section 510 (Count XII), ERISA breach of fiduciary duty (Count XIII), ERISA breach of co-fiduciary duty (Count XIV), ERISA denial of benefits (Count XV), Americans with Disability Act ("ADA") (Count XVI), Pennsylvania Human Relations Act ("PHRA") discrimination based upon disability (Count XVII), ADA retaliation (Count XVIII), PHRA retaliation (Count XIX), abuse of process (Count XX), fraud (Count XXI), wrongful discharge (Count XXII), negligent misrepresentation (Count XXIII), intentional infliction of emotional distress (Count XXIV), and negligent infliction of emotional distress (Count XXV).

provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citations omitted). "To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570).

## IV.   ALL OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED

### A.   Plaintiff's Claims Are Barred

By plaintiff's own admission, "[o]n November 2, 2010, [plaintiff] re-filed the fraud and racketeering case previously filed in the Eastern District of Pennsylvania Docket No. 05-4988 . . . . . The complaint has been updated. . . ." 12/20/10 Mot. for Leave, Ex. 1 at 3-4 (Ex. 6). With this admission and Judge Pollak's prior ruling, plaintiff's claims must be dismissed – they are barred by claim preclusion.

*Res judicata,* or claim preclusion, requires proof of three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same claim and (3) the same parties or their privies." *Equal Employment Opportunity Comm'n v. U.S. Steel Corp.,* 921 F.2d 489, 493 (3d Cir. 1990) (citing *United States v. Athlone Indus., Inc.,* 746 F.2d 977, 983 (3d Cir. 1984)). In determining if *res judicata* acts as a bar, the court may consider the face of the complaint, as well as matters of public record, and may take notice of prior judicial opinions. *McTernan v. City of York, Pa.,* 577 F.3d 521, 526 (3d Cir. 2009); *see also supra* n.2. Given plaintiff's admission that he has essentially "re-filed" his earlier dismissed complaint, the only element that warrants a lengthy discussion is whether Judge Pollak's decision is a final judgment on the merits.

Consideration of defendants' motion to dismiss began with briefing and argument before Magistrate Judge Angell. In a December 16, 2008 Report and Recommendation,[7] Judge Angell recommended dismissal of the complaint, finding that it:

- "In no way . . . compl[ied] with Rule 8 of the Federal Rules of Civil Procedure", *Jackson II*, Mar. 19, 2009 Op. at *3 (Report and Recommendation) (Ex. 3);

- "Lack[ed] factual foundation", *id.*;

- Was "riddled with inflammatory and unwarranted conclusory allegations", *id.* ;

- Violated her "May 21, 2008 Order [which] direct[ed] Plaintiff to limit the consolidated amended complaint to claims for which he has a good faith basis", *id.*;

- Violated "Judge Pollak's prior rulings", *id.* at *4;

- Improperly "bootstrap[ed] claims already adjudicated frivolous . . . to new allegations", *id.*;

- Contained ERISA claims seeking monetary damages in violation of "two prior opinions" by Judge Pollak, *id.* at *5; and

- Did not "comply with prior orders of the Court in violation of Rule 41(b) of the Federal Rules of Civil Procedure", *id.* at *7.

After considering Judge Angell's report and plaintiff's objections to it, Judge Pollak "adopt[ed] the factual conclusions and virtually all the legal analysis of the Report and Recommendation." *Id.* at *1. He further indicated that he "agree[ed] with Judge Angell's careful and thorough assessment of the Consolidated Amended Complaint." *Id.* Judge Pollak specifically recognized that plaintiff's complaint was a "model of obstructive and contumacious posturing" and that he did "not consider most of the efforts by Jackson's counsel to be appropriate advocacy within the rules." *Id.* He noted that the RICO claims represented "[t]he worst pleading abuses" and the state law claims "reflect[ed] clear disregard for the past directives

---

[7]   *Jackson II*, Mar. 19, 2009 Op. at *2 (Ex. 3).   Judge Angell's Report and Recommendations of December 16, 2008 are appended to the March 19, 2009 decision by Judge Pollak.

10

of [the] court." *Id.* at *2. The ERISA claims "contravene[ed], at least in part, [the] court's earlier orders." *Id.* [8]

Judge Pollak's decision is clearly a final judgment. Nevertheless, plaintiff has taken issue with whether the judgment is "on the merits." [9] It is. The claims that were dismissed by Judge Pollak were dismissed *with prejudice* as a sanction based on a six-factor analysis in accordance with the Third Circuit's decision in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). This analysis included an assessment of plaintiff's claims. Indeed, Judge Pollak only permitted plaintiff to proceed with four claims after he concluded that they "may not

---

[8]  Judge Pollak did not dismiss four claims which plaintiff brought pursuant to the ADA and PHRA, finding that they might have possible merit. *Jackson II*, Mar. 19, 2009 Op. at *2 (Ex. 3). Plaintiff later voluntarily dismissed these claims with prejudice so he could immediately file an appeal regarding his other claims. *See* Voluntary Dismissal (Ex. 5).

[9]  Plaintiff has argued in past filings that Judge Pollak's March 19, 2009 decision has no preclusive effect on his claims because the dismissal by Judge Pollak was not "on the merits." Plaintiff ignores all of the case law to the contrary and, instead, he has cited cases where dismissals were not based on situations where an action was dismissed as a sanction for failure to comply with the Federal Rules or court orders. When a complaint is dismissed for failure to comply with the Federal Rules or court orders, Rule 41(b) deems such dismissals to be "on the merits," particularly when, as here, there was a merits-based analysis under *Poulis*. Plaintiff is confused when he cites to cases where Rule 11 sanctions were granted and attorneys' fees assessed – such rulings have been held to be "collateral" with no preclusive effect. *See Dieffenbach v. Cigna, Inc.*, 310 Fed. App'x 504, 506 (3d Cir. 2009). For example, plaintiff continually relies on *Willy v. Coastal Corp.*, 503 U.S. 131 (1992), but *Willy* did not involve a dismissal with prejudice as is the case here. "*Willy* involved a sanction collateral to the merits of the case" – Rule 11 sanctions – not "[t]he sanction of dismissal with prejudice" which "acts to terminate the case." *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 156 (3d Cir. 1997). Plaintiff has also repeatedly relied on *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001) to argue that while he might be barred from "re-filing" his complaint in Pennsylvania, he is not barred from "re-filing" it in Delaware. As at least one district court has already recognized, *Semtek* involved a case founded in diversity jurisdiction and it has no relevance when the prior action was dismissed through the exercise of federal question jurisdiction. *Alpha Fin. Mortgage, Inc. v. Baugh*, No. 09-814, 2009 WL 3681858, at *4 n.6 (W.D. Pa. Nov. 3, 2009). "The preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Federal courts have long recognized that dismissals for the reasons stated in Rule 41(b) are entitled to full *res judicata* effect. *See id.*; *Alpha Fin.*, 2009 WL 3681858, at *4 n.6 (citing cases).

be wholly meritless." *Jackson II*, Mar. 19, 2009 Op. at *1 (Ex. 3); *see also supra* n.9.   The court

found that most of plaintiff's claims failed to comply with the Federal Rules of Civil Procedure,

and past directives and orders of the court. *Jackson II*, Mar. 19, 2009 Op. at *1-2 (Ex. 3).

As the Supreme Court has held, a dismissal based on failure to comply with the Federal

Rules or prior court orders *operates* as an adjudication on the merits.  *See Costello v. United*

*States*, 365 U.S. 265, 286 (1961); *see also* Fed. R. Civ. P. 41(b) (dictating "effect" of dismissal

based on failure to comply with Federal Rules or court order).  The *Costello* opinion explained:

> All of the dismissals enumerated in Rule 41(b) which operate as
> adjudications on the merits – failure of the plaintiff to prosecute, *or*
> *to comply with the Rules of Civil Procedure, or to comply with an*
> *order of the Court*, or to present evidence showing a right to the
> relief on the facts and the law – primarily involve situations in
> which the defendant must incur the inconvenience of preparing to
> meet the merits because there is no initial bar to the Court's
> reaching them.   It is therefore logical that a dismissal on one of
> these grounds should, unless the Court otherwise specifies, bar a
> subsequent action.

*Costello*, 365 U.S. at 286 (emphasis added).

Thus, the dismissal of plaintiff's Consolidated Amended Complaint for failure to comply

with the Federal Rules and prior orders of the court operates as an "adjudication[] on the merits"

and bars any subsequent action.  *See id.*[10]   That is especially true when the court actually

considered the merit of plaintiff's claims before dismissing them.   It makes no practical sense

that a court would go to the trouble of carefully analyzing a complaint under the *Poulis* six-factor

---

[10]   *Salley v. Rendell*, Civ. A. No. 08-132, 2008 WL 1752246, at *6 (W.D. Pa. Apr. 14, 2008) ("A
dismissal granted as a sanction for failure to obey court orders constitutes a 'final judgment on
the merits' for the purposes of the federal law of res judicata."); *Kile v. Placer County Bd. of*
*Sup'rs*, 217 F.3d 845 (9th Cir. 2000) (dismissal as a discovery sanction is a termination on the
merits with issue and claim preclusion).  *Cf. Semtek*, 531 U.S. at 509 (warning that it would
diverge from its rule for diversity cases that would incorporate the claim-preclusion law of the
state whose substantive law is at issue if the state law at issue declined to give claim-preclusive
effect to a punitive dismissal).

test (which includes an assessment of the merit of the claims), if the complaint could simply be re-filed elsewhere.

With respect to the four claims that Judge Pollak did not dismiss, plaintiff later dismissed them with prejudice. Plaintiff has refiled two of these four claims in Counts XII and XIII, both of which are pursuant to the Americans with Disabilities Act ("ADA"). CAC ¶¶ 340-44; 348-49 (Ex. 1). Plaintiff's attempt to "re-file" these claims is impermissible because his voluntary dismissal is a final judgment on the merits for *res judicata* purposes. *Vacanti v. Apothaker & Assoc., P.C.*, Civ. A. No. 09-5827, 2010 WL 4702382, at *4 (E.D. Pa. Nov. 12, 2010) ("According to the law of this district, the voluntary dismissal with prejudice operates as a final judgment on the merits."). As such, plaintiff's ADA claims must be dismissed.

With respect to the second and third elements of the *res judicata* analysis, as indicted above, plaintiff has effectively conceded that they are fulfilled.

The second element of *res judicata* relates to whether the same claims are involved in both actions. If plaintiff's admission does not make it clear enough, the claims here are virtually identical to those in his prior action. Both complaints allege RICO violations, claims under the ADA, and common law claims under Pennsylvania law. Both complaints allege that defendants interfered with his disability and COBRA benefits, and employment during the pendency of litigation against certain defendants.[11] Both complaints allege that during his other litigation, one or more of the defendants left flowers on the hood of his car, flower petals on his driveway,

---

[11]    In addition to Judge Pollak's March 19, 2009 order, his September 5, 2007 order which dismissed, in part, one of plaintiff's complaints, bars plaintiff from bringing a RICO claim based on conduct related to his job termination. *Jackson III*, Sept. 5, 2007 Mem. at *5 (Ex. 4). In that decision, the court found that plaintiff could not tack on claims regarding his disability benefits (or claims from prior lawsuits) to his job termination claims in order to satisfy RICO's pattern requirement. *Id.* That is just what he endeavors to do here.

parked a strange van across from his house, and almost ran him over in a black SUV.  In both complaints, plaintiff alleges that in prior litigation, certain defendants falsified their answers to complaints, falsified an affidavit, failed to provide handwriting exemplars, made certain misrepresentations regarding handwriting samples, failed to produce certain documents, and misrepresented Rohm and Haas's long-term disability plan as an ERISA plan.  He also accuses Dow and Rohm and Haas of not disclosing plaintiff's lawsuits in SEC filings.

There are 129 paragraphs in the present Delaware complaint that were copied *verbatim* from the complaint that was dismissed; another 34 are identical except that plaintiff replaced Liberty Life Assurance Company of Boston with Liberty Mutual Insurance Company.  *See* Demonstrative Chart Comparing Delaware and Eastern District of Pennsylvania Complaints, at Exhibit B.  Thus, approximately half of the paragraphs in this complaint mirror those in the earlier complaint.  There are *dozens* more that contain only minor changes.[12]  Indeed, eighteen of the nineteen counts in this complaint were included in plaintiff's earlier dismissed action.[13]

Plaintiff has explained that the minor differences between the two complaints are the result of his "updat[ing]" the claims.  12/20/10 Mot. for Leave, at Ex. 1 (Ex. 6).  The "addition of some new facts" to support his various legal theories does not thwart preclusion of this case.  *Lewis v. Smith*, 361 Fed. App'x 421, 424 n.5 (3d Cir. 2010).  The focus is on "(1) whether the

---

[12]  *See e.g.,* Compl. ¶ 61; CAC ¶ 85 (Ex. 1) (Delaware complaint includes term number, whereas Pennsylvania complaint does not); Compl. ¶ 92; CAC  ¶ 118 (Ex. 1) (Delaware complaint does not state Plaintiff's specific disability, but Pennsylvania complaint notes Plaintiff's disability was "severe depression") Compl. ¶ 97; CAC ¶ 134 (Ex. 1) (Delaware complaint abbreviates "R&H", Pennsylvania complaint spells out "Rohm and Haas"); Compl. ¶ 134; CAC ¶ 167 (Ex. 1) (Delaware complaint spells out "Pennsylvania", Pennsylvania complaint abbreviates "Pa.").

[13]  The only new Count in this complaint is Count XI (RICO/Under the State of Indiana's RICO Statute) against defendants Liberty Mutual, Quinlan, McSweeney and Miller (all represented by other counsel).

acts complained of and the demand for relief are the same . . .; (2) whether the theory of recovery

is the same; (3) whether the witnesses and documents necessary at trial are the same (that is,

whether the same evidence necessary to maintain the second action would have been sufficient to

support the first); and (4) whether the *material* facts alleged are the same." *Athlone Indus.*, 746

F.2d at 984 (emphasis in original) (citations omitted) ("taking a broad view of what constitutes

identity of causes of action [for the purposes of *res judicata*] 'an essential similarity of the

underlying events giving rise to the various legal claims'").  Focusing on these factors in light of

the "essential similarity of the underlying events giving rise," *id.*, to plaintiff's legal claims,

Judge Pollak's earlier decision and plaintiff's own voluntary dismissal of his ADA claims

precludes virtually all of plaintiff's claims in this suit.[14]

Finally, the last element of *res judicata* requires that the claims be brought against the

same parties, or their privies.  The rule of privity, with respect to *res judicata* "is merely a word

used to say that the relationship between the one who is a party on the record and another is close

enough to include that other within the res judicata." *Burke v. Timothy's Restaurant*, No. Civ. A.

03-1070 JJF, 2005 WL 1801684, at *3 (D. Del. July 29, 2005) (quoting *Collins v. E.I. DuPont de

Nemours & Co.*, 34 F.3d 172, 176 (3d Cir. 1994)).

A number of the parties filing this Motion were named in both actions, however, this

Motion is also filed on behalf of three defendants who were not previously named in the prior

litigation, but who are in privity with the parties named in the earlier litigation.  Dow Chemical is

---

[14]  Some of plaintiff's allegations can be traced back to his original 1999 state court action.  As acknowledged by Judge Angell, "[e]ach time Plaintiff has attempted to resurrect the Warrick note allegations . . ., Judge Pollak has rejected these claims as frivolous." *Jackson II*, Mar. 19, 2009 Op. at *4 (Ex. 3).  Nevertheless, plaintiff continues (as he has done for the past 10 years) to assert that the Warrick notes were a fraud despite the fact that a state court judge held that there was no fraud. *See, e.g.*, Compl. ¶¶ 56, 56 n.6, 64, 148, 157.

in privity with Rohm and Haas because it acquired Rohm and Haas in 2009 and the individual defendants (Pierre R. Brondeau and Cynthia Mazer) are in privity with Rohm and Haas because they were employed by the company and the alleged wrongful conduct stemmed from their employment with Rohm and Haas. Compl. ¶¶ 28, 34, 249.[15] Consequently, any claims against these parties are barred to the same extent they are barred against Rohm and Haas. *Waris v. Mackey*, No. 09-1103(RBK), 2009 WL 4884204, at *8 (E.D. Pa. Dec. 15, 2009).[16]

---

[15] In the case of Jacques M. Croisetiere, to the extent that the claims are not dismissed pursuant to lack of personal jurisdiction, these claims would be similarly barred. Compl. ¶ 27.

[16] In addition to *res judicata*, plaintiff's RICO claims fail for other reasons. Under RICO §1962(c) – which underlies the first nine counts of the complaint – plaintiff must allege grounds sufficient to conclude that each defendant played "some part in directing" the affairs of the alleged enterprise. *Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993). RICO claims pursuant to 1962(c) are routinely dismissed when allegations are insufficient to establish that a defendant participated in the operation or management of the alleged enterprise. *See Univ. of Maryland at Baltimore v. Peat, Marwick, Main & Co.*, 996 F.2d 1534, 1539-40 (3d Cir. 1993).

Ironically, plaintiff's prolix complaint is fatally deficient when it comes to alleging what, in fact, each of the named defendants supposedly did to warrant the multiple claims against him/her/it; exactly how each purportedly participated in the operation or management of the alleged racketeering enterprise; or precisely how and when the alleged participants in this so-called enterprise agreed to commit criminal acts. *See, e.g., Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.") (quoting *Twombly*, 550 U.S. at 556 n.3). Certainly, plaintiff's allegations are not sufficient to satisfy the heightened Rule 9(b) standard for plaintiff's fraud-based claims.

The complaint is devoid of allegations with respect to the § 1962(d) requirement that defendants agreed to commit the alleged RICO violations. *See Odesser v. Cont'l Bank*, 676 F. Supp. 1305, 1312-13 (E.D. Pa. 1987). RICO claims pursuant to 1962(d) (the basis for Count X) must be dismissed when allegations are inadequate to show "(1) [an] agreement to commit the predicate acts . . . , and (2) knowledge that those acts were part of a pattern of racketeering activity conducted in such a way as to violate § 1962(a), (b), or (c)." *Id.* (quoting *Seville Indus. Mach. v. Southmost Mach.*, 742 F.2d 786, 792 n.8 (3d Cir. 1984)). As the Supreme Court held in the analogous antitrust context, "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly*, 550 U.S. at 557. Here, the complaint alleges no facts that could reasonably support an inference that each defendant agreed to commit any predicate acts *and* had knowledge that those alleged predicate acts were part of a

16

For all of the reasons above, plaintiff is barred from pursuing this "re-filed" action against the same parties and parties in privity, and the action must be dismissed.[17]

**B.     Plaintiff's Allegations Concerning the Matter of *Williams v. R&H Pension Plan* Do Not Support His Claims**

The only set of assertions that could be considered "new" against the moving defendants is the one alleging misdirection of plaintiff's notice of the class action settlement agreement in *Williams v. R&H Pension Plan*. *See* Compl. ¶¶ 228-50. This set of assertions appears in support of Count V of plaintiff's complaint.[18]  In this Count, plaintiff alleges that Dow Chemical, Rohm and Haas, Liberty Mutual, The BAC, Mr. Gupta, Mr. Brondeau, Mr. Croisetiere, Mr. Lonergan,

---

pattern of racketeering activity.  In some cases, plaintiff asserts bald allegations of "agreements," with no factual backing. Compl. ¶¶ 286, 295, 297.

[17]   Additionally, plaintiff has asserted claims that are time-barred.  The Supreme Court has held that civil RICO causes of action are subject to a four year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Assoc., Inc.*, 483 U.S. 143, 156 (1987).  Furthermore, the Supreme Court rejected the "last predicate act" rule, and therefore a plaintiff may not simply tack on a predicate act in order to recover for earlier racketeering acts. *Klehr v. A.O. Smith Corp.*, 521 U.S. 179, 186-88 (1997).   The statute of limitations for a RICO claim accrues when a plaintiff "knew or should have known" of the injury. *Mathews v. Kidder, Peabody & Co., Inc.*, 260 F.3d 239, 250 (3d Cir. 2001).  Plaintiff actually knew of the RICO injuries long ago, as he previously brought these claims in *Jackson II*, filed in September 2005 and *Jackson III*, filed in August 2006.  These claims accrued over four years ago and should be dismissed as time-barred.

The applicable statutes of limitations for plaintiff's other claims is the shorter of two limitations – Delaware or Pennsylvania, where the causes of action arose. 10 Del. Code § 8121. Counts XII, XIII, and XVI, which are all based on either the date plaintiff was terminated from employment (April 10, 2006) or the date his COBRA benefits were terminated (September 30, 2007), are time-barred by a two year limitations period. 10 Del. Code § 8119.  To the extent plaintiff relies on any actions that occurred prior to November 2, 2008 (two years before instituting this suit), the remaining Counts are time-barred by a two-year statute of limitations. 10 Del. Code § 8119 (abuse of process, and negligent and intentional infliction of emotional distress); 42 Pa. Con. Stat. Ann. § 5524(7) (fraud and negligent misrepresentation).

[18]   Plaintiff also cites to the misdirection of the class notice as support for his abuse of process claim (Count XIV), but as demonstrated above:  (1) he has alleged insufficient facts to support an abuse of process claim against the numerous defendants named in this Count and (2) plaintiff has failed to allege facts sufficient to infer that the "misdirection" caused any harm to him.

17

Ms. Friedell, Ms. Warrick, and Ms. Greenetz violated § 1962(c) of RICO by committing the predicate act of "obstruction of justice" under 18 U.S.C. § 1512(b)(3). Plaintiff contends they misdirected the settlement notice in the *Williams* matter to hinder his participation in that case. Compl. ¶ 231.

Plaintiff's claim should be dismissed for several reasons. First, there are no allegations about how the defendants named in Count V, other than Dow Chemical, were responsible for "misdirecting" the settlement notice. *See id.* at ¶ 242 ("Dow intentionally misdirected plaintiff's notice of the settlement agreement . . . ."). Because plaintiff has alleged no factual support for his claim, it cannot stand against these other defendants. *See Slater v. Jokelson*, No. 96-CV-672, 1997 WL 164236, at *6 (E.D. Pa. Mar. 26, 1997) (dismissing claims against certain defendants where plaintiff did not allege that they acted wrongfully).

Second, with respect to Dow Chemical, plaintiff includes nothing but a conclusory statement that because the notice of the settlement was mailed to the former address of plaintiff's minor children, Dow was *intentionally* trying to prevent him from exercising any rights to participate in the proceeding. Compl. ¶ 231. As plaintiff has acknowledged in the complaint, Dow has explained that its counsel "simply forwarded to Class counsel a spreadsheet with names and addresses of Class members, which had the *correct address* for Mr. Jackson . . . . Using a service that updates addresses, *Class Counsel* sent the Class Notice to the Lansdowne, PA address for Mr. Jackson, who obviously received it. Neither Defendant's counsel nor Class Counsel focused on Mr. Jackson in the Class Notice mailings, as Mr. Jackson is one of thousands

of Class members." *Id.* at ¶ 237 (emphasis added).  This acknowledgment leaves Count V as to

Dow as resting on no more than an unsupported conclusion.[19]

Third, plaintiff lacks RICO standing to make this claim.  The federal RICO statute

confers a private right of action upon a "person injured in his business or property by reason of a

violation" of 18 U.S.C. § 1962.  18 U.S.C. § 1964(c).[20]   Here, plaintiff has not alleged any

concrete injury to business or property in connection with the notice in the *Williams* action.

Plaintiff has alleged (with no support at all)  that he has suffered a "reduced settlement value of

plaintiff's claim for recovery from the pension plan, extinguishment/attempted extinguishment of

claims contemplated by the 'Release of Claims,' fees and cost, delay, inconvenience, and

attorney's fees."  Compl. ¶ 244.  These alleged injuries are so indefinite and so lacking in

connection to the "misdirected" notice (that he in fact received) as not to confer RICO standing,

and plaintiff's claim must be dismissed.  *Maio*, 221 F.3d at 495 (speculative injuries are

insufficient to support RICO claim); *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 265-68

(1992) (discussing RICO proximate cause requirement).  It is unclear how plaintiff could have

---

[19]   This Court is not obliged at the 12(b)(6) stage to afford credence to allegations that do not
merit it.  *See Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998); *see also
Chongris v. Bd. of Appeals of Andover*, 811 F.2d 36, 37 (1st Cir. 1987) (court will "eschew any
reliance on bald assertions [and] unsupportable conclusions . . . .").  Thus, the Court "need not
[and should not] accept as true 'unsupported conclusions and unwarranted inferences'" regarding
the "misdirection" of plaintiff's class notice.  *W. Penn Power*, 147 F.3d at 263 n.13 (quoting
*Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)).

[20]   To have standing under RICO's civil enforcement provision, a plaintiff must show that (1) he
has suffered an injury to his business or property – *i.e.*, "'a concrete financial loss and not mere
injury to a valuable intangible property interest'" – and (2) that the alleged injury was
proximately caused by racketeering activity.  *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir.
2000) (quoting *Steele v. Hosp. Corp. of Am.*, 36 F.3d 69, 70 (9th Cir. 1994)); *see also Holmes*,
503 U.S. at 268-70 (requiring proof of proximate causation).  Plaintiff has made no allegations to
demonstrate that he fulfills either standing requirement.

been injured when he admits that he received notice of the class settlement and he was permitted to object to it. Compl. ¶¶ 234, 237.

Even if plaintiff had RICO standing, the alleged misdirection of the settlement class notice could not support a RICO claim because plaintiff has not asserted a "pattern" of racketeering activity. *Jackson III*, Sept. 5, 2007 Mem. at *5 (Ex. 4) (warning Jackson that he may not "bootstrap claims from his prior lawsuits to satisfy the continuity requirement in the present action"). The allegations related to the settlement notice do not satisfy RICO's requirement of either closed-ended or open-ended continuity. The alleged conduct did not occur over any substantial period and there is no threat that it will repeat. *See id.* at *4 (citing *H.J. Inc. v. Nw. Bell Tel. Co.,* 492 U.S. 229, 241, 242 (1989)).

## V.    CONCLUSION

For all of the foregoing reasons, plaintiff's complaint must be dismissed with prejudice as to all defendants in its entirety.

MORRIS NICHOLS ARSHT & TUNNELL LLP

*Of Counsel*

John G. Harkins, Jr.
Colleen Healy Simpson
HARKINS CUNNINGHAM LLP
2800 One Commerce Square
2005 Market Street
Philadelphia PA  19103-7052
Tel: (215) 851-6700

/s/ Kenneth J. Nachbar
Kenneth J. Nachbar (#2067)
1201 North Market Street
Wilmington, Delaware  19801
Tel: (302) 658-9200
knachbar@mnat.com
*Attorneys for The Dow Chemical Company,
Rohm and Haas Company, Raj L. Gupta,
Pierre R. Brondeau, Ellen Friedell, Esquire,
Royce Warrick, Esquire, Jane Greenetz,
Cynthia Mazer, Robert A. Lonergan, Esquire,
and Deanna May*

January 28, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2011, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF which will send notification of such filing

to all registered participants including:

> Todd C. Schiltz
> Drinker Biddle & Reath LLP
> 1100 North Market Street
> Suite 1000
> Wilmington, DE  19801-1254

I further certify that I caused copies to be served upon the following on January

28, 2011 as follows:

### BY REGULAR MAIL

> Mark Jackson
> 104 West Shunk Street
> Box 16A
> Philadelphia, PA 19148

> */s/ Kenneth J. Nachbar*
> Kenneth J. Nachbar (#2067)
> Morris, Nichols, Arsht & Tunnell
> 1201 North Market Street
> P.O. Box 1347
> Wilmington, DE  19899-1347
> (302) 658-9200
> knachbar@mnat.com