IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARK JACKSON, | : |
| | :    CIVIL ACTION |
| Plaintiff, | : |
| | :    NO. 10-938 (GMS) |
| v. | : |
| | : |
| THE DOW CHEMICAL COMPANY, et al., | : |
| | : |
| Defendants. | : |

## DEFENDANT JACQUES CROISETIERE'S MEMORANDUM OF LAW
## IN SUPPORT OF HIS MOTION TO DISMISS

                                          MORRIS NICHOLS ARSHT & TUNNELL LLP
                                          Kenneth J. Nachbar (#2067)
                                          1201 North Market Street
                                          Wilmington, Delaware 19801
                                          Tel: (302) 658-9200
                                          knachbar@mnat.com
                                             *Attorneys for Defendant Jacques Croisetiere*

*Of Counsel*

John G. Harkins, Jr.
jharkins@harkinscunningham.com
Colleen Healy Simpson
csimpson@harkinscunningham.com
HARKINS CUNNINGHAM LLP
2800 One Commerce Square
2005 Market Street
Philadelphia PA 19103-7052
Tel: (215) 851-6700

January 28, 2011

## **TABLE OF CONTENTS**

|     |                                                                          | **Page** |
|-----|--------------------------------------------------------------------------|----------|
| I.  | Introduction                                                              | 1        |
| II. | RICO Personal Jurisdiction                                                | 1        |
| III.| Rule 4(k)(2) Personal Jurisdiction                                        | 2        |
| IV. | Personal Jurisdiction Pursuant to the Delaware Long-Arm Statute           | 3        |
| V.  | Conclusion                                                                | 5        |

# **TABLE OF AUTHORITIES**

## **CASES**

*Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141 (3d Cir. 1992)..................................................1

*Darrick Enter. v. Mitsubishi Motors Corp.*, Civ. A. No. 05-4359 (NLH),
    2007 WL 2893366 (D.N.J. Sept. 28, 2007) ..............................................................................1, 2

*Doe v. Unocal Corp.*, 27 F.Supp.2d 1174 (C.D. Cal. 1998).....................................................2, 3

*Impact Labs, Inc. v. X-Rayworld.com, Inc.*, No. Civ. A. No. 03-211 GMS,
    2003 WL 21715872 (D. Del. July 24, 2003) ...........................................................................4

*Kondrath v. Arum*, 881 F.Supp. 925 (D. Del. 1995).....................................................................2

*Mobilificio San Giacomo S.P.A. v. Stoffi*, Civ. A. No. 96-415-LON,
    1996 WL 924508 (D. Del. Oct. 29, 1996) ................................................................................4

*Parker v. Learn Skills Corp.*, 530 F.Supp.2d 661 (D. Del. 2008) .................................................5

*RJ Assoc., Inc. v. Health Payors' Org. L.P., HPA, Inc.*,
    1999 WL 550350 (Del. Ch. July 16, 1999)..............................................................................4

*Saudi v. Acomarit Maritimes Servs., S.A.*, 114 Fed. App'x 449 (3d Cir. 2004) ............................3

*Siemens Aktiengesellschaft v. LG Semicon Co., Ltd.*, 69 F.Supp.2d 622
    (D. Del. 1999) ...........................................................................................................................1

*Telcordia Tech., Inc. v. Alcatel S.A.*, 2005 WL 1268051 (D. Del. May 27, 2005).........................3

*Thompson v. Roman Catholic Archbishop of Washington*, Civ. Nos. 09-558-SLR,
    09-565-SLR, 2010 WL 3377704 (D. Del. Aug. 26, 2010) .......................................................3

*Venoco, Inc. v. Marquez*, No. 02-1685 GMS, 2003 WL 21026787,
    (D. Del. May 5, 2003)...............................................................................................................4

## **RULES AND STATUTES**

Federal Rule of Civil Procedure 4(f)(2)(C)(ii)................................................................................1

Federal Rule of Civil Procedure 4(k)(2) .....................................................................................1, 2

Federal Rule of Civil Procedure 12(b)(2) .......................................................................................1

18 U.S.C. § 1965(d) ........................................................................................................................2

10 Del. Code. § 3114 ...........................................................................................................3

10 Del. Code. § 3401 ...........................................................................................................4

10 Del. Code. § 3401(c)(1) ..................................................................................................4

10 Del. Code. § 3401(c)(4) ...............................................................................................4, 5

## I. Introduction

Defendant Jacques Croisetiere should be dismissed from this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The burden of establishing personal jurisdiction lies with the plaintiff and personal jurisdiction must be established by a preponderance of the evidence. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992); *Siemens Aktiengesellschaft v. LG Semicon Co., Ltd.*, 69 F.Supp.2d 622, 624 (D. Del. 1999).

Plaintiff has attempted to make Mr. Croisetiere a defendant by serving him by registered mail in Bermuda where he lives and works. Plaintiff, however, fails to establish personal jurisdiction under any of the three possible methods for a party served outside of the United States – the "national contacts" test via RICO; the national contacts test under Federal Rule of Civil Procedure 4(k)(2); and Delaware's long-arm statute. The method of service which plaintiff chooses, whether it be pursuant to RICO, a long-arm statute, or the Federal Rules of Civil Procedure, is important in determining whether personal jurisdiction has been obtained over a foreign defendant. *Darrick Enter. v. Mitsubishi Motors Corp.*, Civ. A. No. 05-4359 (NLH), 2007 WL 2893366, at *26-27 (D.N.J. Sept. 28, 2007).

Plaintiff states in the Affidavit with his Application to the Clerk of the Court for service by a registered letter from the Clerk that he is serving Mr. Croisetiere, a former officer of Rohm and Haas Company, pursuant to Rule 4(f)(2)(C)(ii). (D.I. 43). That Rule provides for service by mail addressed and sent by the Clerk, requiring a signed receipt.

## II. RICO Personal Jurisdiction

For Plaintiff to obtain personal jurisdiction pursuant to RICO, Plaintiff is required to serve Mr. Croisetiere pursuant to RICO. However, Plaintiff specifically stated he served Mr.

Croisetiere pursuant to Rule 4(f)(2)(C)(ii). Therefore, analysis of personal jurisdiction pursuant to RICO is clearly irrelevant.

Nevertheless, even if Plaintiff did purport to serve Mr. Croisetiere pursuant to RICO, personal jurisdiction could not be established. RICO permits nationwide service of process when an individual has sufficient national contacts, but it does not permit "worldwide service." 18 U.S.C. § 1965(d) (providing for service "in any judicial district in which such person resides"); *Kondrath v. Arum*, 881 F.Supp. 925, 930 (D. Del. 1995) ("The RICO statute provides for nationwide service of process."). *Darrick Enter.*, 2007 WL 2893366, at *27 ( "RICO does not provide for worldwide service, and thus, if [defendant] was served pursuant to a method other than RICO, a nationwide contacts analysis [for personal jurisdiction] would not automatically apply."). "[I]t would be inappropriate for a federal court to effectively extend the territorial reach of a federal statute by applying a national contacts test for personal jurisdiction where service is not effected pursuant to that federal statute." *Doe v. Unocal Corp.*, 27 F.Supp.2d 1174, 1183 (C.D. Cal. 1998).

As Plaintiff effected service in Bermuda pursuant to Rule 4(f)(2)(C)(ii), the RICO test for personal jurisdiction should not be applied.

### III. Rule 4(k)(2) Personal Jurisdiction

Federal Rule of Civil Rule 4(k)(2) states that "[f]or a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if the defendant is not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws." Like RICO, Rule 4(k)(2) also permits a "national contacts" analysis.

Personal jurisdiction is established via Rule 4(k)(2) when there is:

> (1) a claim arising under federal law; (2) the defendant must be beyond the jurisdictional reach of any state court of general jurisdiction; and (3) the defendant must have sufficient contacts with the United States so that the court's exercise of personal jurisdiction over the defendant comports with the due process requirements of the Constitution or other federal law.

*Saudi v. Acomarit Maritimes Servs., S.A.*, 114 Fed. App'x 449, 455 (3d Cir. 2004).

Plaintiff cannot achieve personal jurisdiction with respect to Mr. Croisetiere on these grounds, because there is a failure to meet the second prong of the jurisdictional test. Plaintiff bears the burden of demonstrating that Mr. Croisetiere is "not subject to the jurisdiction of *any* state under Rule 4(k)(2)." *Telcordia Tech., Inc. v. Alcatel S.A.*, 2005 WL 1268051, at *5 (D. Del. May 27, 2005). Based on the allegations in the Complaint, a court in Pennsylvania would have jurisdiction over Mr. Croisetiere, as all of the alleged actions and injuries occurred in Pennsylvania. *See Unocal*, 27 F. Supp.2d at 1181. The causes of action alleged by Jackson against Mr. Croisetiere are all said to arise in Pennsylvania, out of Mr. Croisetiere's former employment with Philadelphia-based Rohm and Haas.

### IV. Personal Jurisdiction Pursuant to the Delaware Long-Arm Statute

Lastly, Jackson cannot establish personal jurisdiction pursuant to Delaware's long-arm statute. Plaintiff must demonstrate by a preponderance of the evidence both that: (1) "there is a statutory basis for jurisdiction under the forum state's long-arm statute;" and (2) "the exercise of jurisdiction comports with the defendant's right to Due Process." *Thompson v. Roman Catholic Archbishop of Washington*, Civ. Nos. 09-558-SLR, 09-565-SLR, 2010 WL 3377704, at *3 (D. Del. Aug. 26, 2010).[1] As personal jurisdiction is improper under the Delaware long-arm statute, it is unnecessary for the Court to conduct the federal Due Process analysis.

---

[1] Section 3114 of the Delaware Code is inapplicable here for purposes of personal jurisdiction, as Plaintiff has not brought a breach of fiduciary duty claim against Croisetiere. Additionally, "Section 3114 does not confer personal jurisdiction over a nonresident director merely based on

3

Delaware's long-arm statute, Section 3401, enumerates that personal jurisdiction can be obtained through six potential actions. 10 Del. Code. § 3401. Only two of these deserve any comment. First, Section 3401(c)(1) authorizes a court to exercise jurisdiction over a nonresident defendant who in person or through an agent "[t]ransacts any business or performs any character of work or service in the State. . . ." 10 Del. Code. § 3401(c)(1). Section 3401(c)(1) "is a 'single act statute' that enables the court to exercise jurisdiction over a nonresident 'on the basis of a single act done or transaction engaged by the nonresident within the State." *Impact Labs, Inc. v. X-Rayworld.com, Inc.*, No. Civ. A. No. 03-211 GMS, 2003 WL 21715872, at *2 (D. Del. July 24, 2003) (Sleet, J.) (quoting *RJ Assoc., Inc. v. Health Payors' Org. L.P., HPA, Inc.*, 1999 WL 550350, *4 (Del. Ch. July 16, 1999).

This Court has held a directorship or officership of a Delaware corporation, standing alone, is insufficient to constitute "transacting business" for the purposes of Section 3401(c)(1). *Impact Labs*, 2003 WL 21715872, at *2; *Venoco, Inc. v. Marquez*, No. 02-1685 GMS, 2003 WL 21026787, at *3 (D. Del. May 5, 2003) (Sleet, J.). Mr. Croisetiere has no other ties to Delaware, besides his former officership at Rohm and Haas, a Delaware corporation. *See* Declaration of Jacques Croisetiere, attached hereto. Although he acted as an officer for Rohm and Haas, Mr. Croisetiere did not work, live, or conduct any other business in Delaware. *Id.* Therefore, he is not subject to personal jurisdiction under Section 3401(c)(1).

Additionally, Section 3401(c)(4) states that a court may exercise jurisdiction if the person "[c]auses tortious injury in the State or outside of the State by an act or omission outside the State if the person regularly does or solicits business, engages in any other persistent course of

---

his status as a director of a Delaware corporation." *Mobilificio San Giacomo S.P.A. v. Stoffi*, Civ. A. No. 96-415-LON, 1996 WL 924508, at *10 (D. Del. Oct. 29, 1996).

4

conduct in the State or derives substantial revenue from services, or things used or consumed in the State." 10 Del. Code. § 3401(c)(4).

Section 3401(c)(4) is inapplicable. Mr. Croisetiere does not "regularly" do or solicit business in Delaware. *See* Croisetiere Decl. As stated previously, Mr. Croisetiere's only tie to Delaware is that he was an officer of Rohm and Haas, a Delaware corporation. Plaintiff has failed to allege that Mr. Croisetiere has conducted or solicited business, or that he has derived substantial revenue in Delaware. *Parker v. Learn Skills Corp.*, 530 F.Supp.2d 661, 673-74 (D. Del. 2008). Therefore, Mr. Croisetiere is not subject to personal jurisdiction under Delaware's long-arm statute.

### V. Conclusion

For all of the foregoing reasons, Plaintiff's complaint must be dismissed as to Jacques Croisetiere for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Should the Court find that it does have personal jurisdiction over Mr. Croisetiere, Mr. Croisetiere would then join the motion to dismiss filed by The Dow Chemical Company, Rohm and Haas Company, Raj L. Gupta, Pierre R. Brondeau, Ellen Friedell, Esquire, Royce Warrick, Esquire, Jane Greenetz, Cynthia Mazer, Robert A. Lonergan, Esquire, and Deanna May. (D.I. 47).

MORRIS NICHOLS ARSHT & TUNNELL LLP

*Of Counsel*

John G. Harkins, Jr.
Colleen Healy Simpson
HARKINS CUNNINGHAM LLP
2800 One Commerce Square
2005 Market Street
Philadelphia PA 19103-7052

/s/ Kenneth J. Nachbar
Kenneth J. Nachbar (#2067)
1201 North Market Street
Wilmington, Delaware 19801
Tel: (302) 658-9200
knachbar@mnat.com
    *Attorneys for Defendant Jacques Croisetiere*

January 28, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to all registered participants including:

> Todd C. Schiltz
> Drinker Biddle & Reath LLP
> 1100 North Market Street
> Suite 1000
> Wilmington, DE 19801-1254

I further certify that I caused copies to be served upon the following on January 28, 2011 as follows:

### BY REGULAR MAIL

Mark Jackson
104 West Shunk Street
Box 16A
Philadelphia, PA 19148

*/s/ Kenneth J. Nachbar*
Kenneth J. Nachbar (#2067)
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
knachbar@mnat.com